IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONE SMITH UNDERWOOD, JR. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C.A. NO. |
| | § | |
| PHILLIPS 66 COMPANY | § | |
| | § | |
| Defendant | § | |
| | § | |

COMPLAINT

Plaintiff Cone Smith Underwood, Jr., complaining of Defendant Phillips 66 Company, would show as follows:

1. Plaintiff is an individual.

2. Defendant is a corporation, and may be served with summons through any officer or managing agent, including president, Tim G. Taylor, at 2331 Citywest Blvd., Houston, Texas 77042.

Jurisdiction

3. This Court has federal question jurisdiction over this suit under 28 U.S.C. §1331, as it asserts claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq., specifically Section 510 of ERISA.

4. Venue is proper under 28 U.S.C. §1391(b) because Defendant maintains its principal place of business in this District and Division.

COMPLAINT – Page 1

Facts

5.     Plaintiff was employed by Defendant or a predecessor in interest for 19 years and eight months as of April 2017 and was 49 years of age, with a birthday of August 15, 1967. He rose to the level of director of marketing of Defendant's aviation division at a salary of $196,000 per year, with a bonus opportunity of up to 25% to 50% of his salary per year, with an average of 35% the prior two years, and long-term incentive compensation in the form of restricted stock of which Plaintiff with a value of $170,000, subject to forfeiture in its entirety if he was terminated despite partial vesting without regard to any partial vesting prior to termination. By virtue of his employment with Defendant for a predecessor in interest, Plaintiff is also a participant in a pension plan covering certain employees of Defendant referred to as the Heritage Conoco Pension Plan (the "Plan"), in which he would become fully vested at least 20 years of service and fifty years of age and entitled to an immediate lump sum payment of $200,000 and then $100,000 per year for the next ten years in addition to an already vested amount of $500,000, such that between the age of 50 and 60 he would have become entitled to $1.7 million. As of December 2016, Plaintiff received a superior performance rating.

6.     In April 2017, Plaintiff was terminated four months short of fully vesting in his pension under the Plan, despite substantial partial vesting in the restricted stock granted to him, based purportedly on conduct which occurred six months earlier in October 2016, or on grounds otherwise pretextual, without any progressive discipline.

7.     In connection with his termination, Plaintiff suffered an annual loss of compensation, including bonus, and benefits in the form of restricted stock and pension benefits in excess of $1.2 million.

Claims

8. For his first cause of action, Plaintiff would show that, in terminating his employment, Defendant violated 29 U.S.C. §1140, which provides that it is unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan [or], this subchapter. . ., or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, [or] this subchapter . . .. Plaintiff is accordingly entitled to be reinstated to his employment with Defendant and to recover from Defendant the amount of his back pay, interest on the back pay, front pay, attorney's fees, prejudgment interest, and costs of court.

WHEREFORE, Plaintiff prays that this Court grant him all relief to which he is entitled.

Respectfully submitted,

/s/  Robert E. Goodman, Jr.
Robert E. Goodman, Jr.
State Bar No. 08158100
Southern District Bar No. 278353
reg@kilgorelaw.com
Kilgore & Kilgore, PLLC
3109 Carlisle Street
Dallas, Texas 75204
214-379-0823
214-379-0840 (telecopy)

/s/ Jennifer J. Spencer
Jennifer J. Spencer
State Bar No. 10474900
Southern District Bar No. 16372
jspencer@spencerscottlaw.com
James E. Hunnicutt
State Bar No. 24054252
Southern District Bar No. 2848803
Spencer Scott Law
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
214-458-5304
972-770-2156 (telecopy)

ATTORNEYS FOR PLAINTIFF
